IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-02806-RM-MEH

MELEAHA R. GLAPION-PRESSLEY,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, DEPARTMENT OF HUMAN SERVICES,

    Defendant.

---

**ORDER**

---

This employment case is before the Court on the recommendation of United States Magistrate Judge Michael E. Hegarty (ECF No. 49) to grant Defendant's motion to dismiss (ECF No. 27). Plaintiff objected to the recommendation (ECF No. 50), and Defendant filed a response (ECF No. 51). For the reasons below, the Court overrules Plaintiff's objection and accepts the recommendation, which is incorporated into this order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.    LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under

any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## II. BACKGROUND

Defendant fired Plaintiff. She then filed, pro se, a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that "Defendant continuously harassed, discriminated, and retaliated against Plaintiff in her employment in violation of Title VII and the Colorado Civil Rights Act." (ECF No. 18 at ¶ 8.) Her signed EEOC complaint includes the following declaration: "Pursuant to 28 U.S.C. § 1746, I, Meleaha Ruth Glapion-Pressley, declare preparing herein June 12, 2019 (Wednesday) Filed Formal Complaint of Discrimination (26 pages) truthfully and to the best of my ability." (ECF No. 47-1 at 24.) After the EEOC issued a right-to-sue letter, Plaintiff filed this lawsuit, asserting four claims for relief—three Title VII claims and a whistleblower claim.

Defendant's motion to dismiss was referred to the magistrate judge, who determined that Plaintiff's declaration above was insufficient to satisfy Title VII's verification requirement. *See* 42 U.S.C. § 2000e-5(b) ("Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."); 29 C.F.R. § 1601.9 ("A charge shall be in writing and signed and shall be verified."). Accordingly, the magistrate judge recommended dismissing Plaintiff's Title VII claims and declining to exercise supplemental jurisdiction over her remaining claim.

## III. ANALYSIS

Plaintiff contends that her EEOC complaint satisfies the verification requirement because it specifically invokes § 1746. But she cites no authority showing that the magistrate judge's

2

analysis of this issue is incorrect. The purpose of the verification requirement is "to protect employers and perhaps co-workers 'from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury.'" *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1037 (10th Cir. 2015) (quoting *Edelman v. Lynchburg College*, 535 U.S. 106, 113 (2002)). Plaintiff concedes that her declaration is "unsworn" and that she "failed to use the magic words 'under penalty of perjury.'" (ECF No. 50 at 2.) Thus, the Court finds there is no basis for finding that she substantially complied with § 1746 by mere citation.

The fact that Plaintiff filed the EEOC complaint pro se does not compel a different conclusion. Assuming the Court should liberally construe Plaintiff's EEOC complaint even though she is now represented by counsel, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court will not insert legally-binding words into Plaintiff's declaration. In other words, the Court will not make a promise for her or pretend that she made a promise she did not make.

Plaintiff's reliance on the doctrine of incorporation by reference is misplaced. Plaintiff cites no authority for the proposition that referring to § 1746 is equivalent to providing an unsworn declaration, certification, verification, or statement that is substantially in the form set forth in the statute. Such a rule would make little sense in the context of this case, where the verification requirement serves to balance employer and employee interests in resolving discrimination disputes.

Finally, Plaintiff makes no argument aside from her Title VII arguments as to why the Court should exercise supplemental jurisdiction over her whistleblower claim. The Court agrees with the magistrate judge's recommendation to decline supplemental jurisdiction and dismisses

this claim without prejudice.

## IV.  CONCLUSION

Accordingly, the Court OVERRULES Defendants' objection (ECF No. 50), ACCEPTS and ADOPTS the recommendation (ECF No. 49), and GRANTS Defendants' motion to dismiss (ECF No. 27).  The Clerk is directed to CLOSE this case.

DATED this 13th day of October, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge