**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02806-RM-MEH

MELEAHA R. GLAPION-PRESSLEY,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, DEPARTMENT OF HUMAN SERVICES,

    Defendant.

___

**ORDER**
___

Before the Court is Plaintiff's Motion to Vacate Dismissal and to Reopen (ECF No. 54), seeking relief under Fed. R. Civ. P. 60(b). The Motion has been fully briefed (ECF Nos. 55, 56) and is denied for the reasons below.

**I.    LEGAL STANDARD**

"A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191-92 (10th Cir. 2018). Grounds for granting relief under Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## II. BACKGROUND

In June 2019, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that "Defendant continuously harassed, discriminated, and retaliated against Plaintiff in her employment in violation of Title VII and the Colorado Civil Rights Act." (ECF No. 18 at ¶ 8.) After obtaining a right-to-sue letter from the EEOC, Plaintiff brought this action asserting three Title VII claims and a whistleblower claim. In October 2020, the Court granted Defendant's Motion to Dismiss, finding that Plaintiff had failed to satisfy the requirement that charges filed with the EEOC must be verified. *See* 42 U.S.C. § 20003-5(b); 29 C.F.R. § 1601.9.

## III. ANALYSIS

Plaintiff requests that the case be reopened, citing as "new evidence" an amended, notarized form she filed with the EEOC in October 2020. But Plaintiff cites no authority for the proposition that an EEOC charge can be amended after the EEOC has closed the case and issued a right-to-sue letter. Courts that have faced this issue have decided that is not permissible. "[W]here, as here, a right to sue letter has issued, a suit has been instituted and the EEOC has closed its file, there is no longer any charge pending before the EEOC which is capable of being amended." *Balazs v. Liebenthal*, 32 F.3d 151, 157 (4th Cir. 1994); *see also Berchant v. Prince George's Cnty.*, 948 F. Supp. 2d 515, 523 (D. Md. 2013) (concluding that "the issuance of a

2

right-to-sue letter by the EEOC functions as a cut-off date for amendments"). The Court agrees with the rationale of these decisions.

The relief Plaintiff seeks—to have the EEOC complete any necessary investigation—shows the impracticality of allowing amendment of an EEOC complaint after a right-to-sue letter is issued. There is no role for the Court in the matter when an EEOC investigation is still ongoing. *See Annett v. Univ of Kan.*, 371 F.3d 1233, 1238 (10th Cir. 2004) ("We lack jurisdiction to review Title VII claims that are not part of a timely-filed EEOC charge."). Although Plaintiff argues she "should be given the opportunity to cure her technical administrative defect" (ECF No. 56 at 2), she offers no explanation for why she failed to do so sooner. Thus, relief pursuant to Fed. R. Civ. P. 60(b)(2) is inapt here, where Plaintiff has failed to show that her "new evidence" could not have been created sooner with reasonable diligence or any exceptional circumstances warranting extraordinary relief.

## IV. CONCLUSION

Accordingly, the Court DENIES Plaintiff's Motion (ECF No. 54), and this case remains closed.

DATED this 28th day of May, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge